IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| TRANSTEXAS GAS CORPORATION | § | CASE NO: 02-21926 |
| and | § | |
| GALVESTON BAY PIPELINE COMPANY | § | |
| and | § | |
| GALVESTON BAY PROCESSING | § | |
| CORPORATION | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| TRANSTEXAS GAS CORPORATION | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 04-2129 |
| | § | |
| ROBIN NICHOLDS | § | |
| and | § | |
| CLAY FISHER | § | |
| and | § | |
| GERALD BARKLEY | § | |
| and | § | |
| MICHAEL BOCKOFF | § | |
| and | § | |
| LORICE ROSE | § | |
| and | § | |
| ROY TODD | § | |
|     Defendant(s) | § | |

### MEMORANDUM OPINON AND ORDER ON MOTIONS TO DISMISS

On this day came on for consideration the Motions to Dismiss filed by Clay Fisher, Robin Nicholds, Gerald Barkley, Michael Bockoff, Roy Todd, and Lorise Rose (the "Movants" or "Defendants"). The Court, having heard the evidence and arguments of counsel, finds that the Motions to Dismiss should be denied.

### BACKGROUND

TransTexas Gas Corporation ("TransTexas") and two subsidiaries filed chapter 11 bankruptcy petitions on November 14, 2002. This court entered an order confirming the Creditor's Joint Plan of Reorganization (the "Plan") on August 14, 2003. Pursuant to the Plan,

the equity ownership of TransTexas changed and management of the reorganized TransTexas ("TransTexas" or "Plaintiff") was assumed by National Energy Group, Inc. ("NEG") under a management agreement approved by this court in conjunction with Plan confirmation.

NEG's review of TransTexas' business records raised questions regarding a self-funded Medical Reimbursement Plan for the benefit of certain key employees. Supporting records were missing or destroyed and the covered employees did not provide copies to substantiate their claims which were reimbursed. Plaintiff therefore believes that the Medical Reimbursement Plan was a vehicle used by the covered employees to embezzle funds from the Debtor.

TransTexas brought the above-captioned Adversary Proceeding asserting claims and causes of action based upon conversion, negligent misrepresentation fraud, civil conspiracy, constructive trust, fraudulent transfer, and unauthorized post-petition transfers. The Defendants filed Motions to Dismiss alleging that TransTexas' Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6), F.R.Civ.P., to which TransTexas objected.

## DISCUSSION

A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove not set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A court must accept all well-pled facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on a Rule 12(b)(6) motion, the court cannot look beyond the facts of the pleadings. *Baker, supra.* at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th cir. 1999), *cert. denied*, 530 U.S. 1229 (2000), but it may consider any judicially noticed facts and any documents that are attached to the pleadings or referred to in the pleadings. *Collins v. Morgan Stanley Dean Witter, & Co*., 224 F.3d 496, 498 (5th Cir. 2000). Judicially noticed facts, under Rule 2019(f), Fed. R. Civ. Ev., include all pleadings or orders in the record in the case in question. *Patterson v. Mobil Oil Corp*., 335 F.3d 476, 481 n.1 (5th Cir. 2003).

Defendants assert that ERISA preempts all of Plaintiff's claims. ERISA "supercedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. §1144(a). A state law relates to an employee benefit plan if it has a connection with or reference to such plan. *Rozzell v. Security Services, Inc*., 38 F.3d 819, 821 (5th Cir. 1994).

The scope of ERISA's preemption over state law claims is not limitless. *Rozzell, supra* at 822. More than just a mere connection with or reference to a plan is necessary for preemption. In fact, ERISA preempts a state law claim only "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities -- the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Reliable Home*

*Health Care, Inc., v. Union Central Insurance Company*, 295 F.3d 505, 515 (5th Cir. 2002).

Preemption must be determined by evaluating the nexus between a state law and ERISA in view of ERISA's statutory objectives. *Lewis v. Bank of America N.A.*, 343 F.3d 540, 544 (5th Cir. 2003), *cert. denied,* 540 U.S. 1213. The relevant statutory objectives include establishing uniform national safeguards "with respect to the establishment, operation, and administration of [employee benefit] plans." 29 U.S.C. §1001(b); *Lewis v. Bank of America, supra* at 544.

The Court finds that ERISA does not preempt Plaintiff's state law causes of action because they are grounded in theories of fraud against a corporation. Taking Plaintiff's allegations as true, they state causes of action for which ERISA cannot contemplate preempting. The traditional ERISA entity relationship, that which Congress sought to protect by enacting ERISA, does not include a conspiracy among employees to defraud a corporation and convert corporate assets. Nothing in ERISA's provisions discusses such malfeasance or the relationship between bad actors and their corporate victim. Congress did not need to address such circumstances because adequate remedies at law exist, such as fraud and conversion. The Medical Reimbursement Plan was merely a vehicle for Defendant's allegedly bad actions. Defendants cannot hide behind ERISA to avoid liability for use of an employee benefit plan to defraud a corporation."Congress clearly did not intend to broadly immunize non-fiduciary parties... from liability under traditional state law contract and tort causes of action." *Lewis v. Bank of America, N.A.*, supra. at 544.

ERISA also does not preempt Plaintiff's bankruptcy causes of action. Plaintiff's complaint includes claims for fraudulent transfer under 11 U.S.C. §§548 and 550, and avoidance of postpetition transfers under 11 U.S.C. §§549 and 550. Core proceedings include matters concerning administration of the estate and proceedings to determine, avoid, or recover fraudulent conveyances. 28 U.S.C. §157(b)(2)(A) & (H). ERISA expressly prohibits the preemption of federal law. 29 U.S.C. §1144(d). Core proceedings in bankruptcy are exclusively grounded in federal law and are therefore not preempted. *In re Kincaid*, 917 F.2d 1162 (9th Cir. 1990). Accordingly, Plaintiff's causes of action under the bankruptcy code are not preempted.

Plaintiff has standing to bring the Adversary Proceeding because it is the successor to the Debtors and the claims and causes of action were transferred through the Plan and consummation thereof. Section 11.9 of the Plan provided for retention of claims and causes of action. Although the Plan does not expressly reserve the causes of action asserted against Defendants, they are not barred by *res judicata* or judicial estoppel in a situation where, as here, the Plan was proposed by a creditor and the cause of action emanates from Defendants' alleged concealment of their malfeasance. The policies underlying the doctrine of judicial estoppel include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment. *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). When a cause of action is concealed, failure to specifically list or disclose the cause of action does not bar the successor to the Debtor from asserting it post-confirmation when a general reservation of causes of action is included in the plan. The court finds that the facts of this case are distinguishable from *In re Coastal Plains, Inc*., 179 F.3d 197 (5th Cir. 1999), *cert. denied*, 528

U.S. 1117 (2000), upon which Defendants rely.  Plaintiff's failure to specifically disclose the cause of action was inadvertent because Plaintiff lacked knowledge of the undisclosed claim and had no motive for its concealment. *In re Superior Crewboats*, 374 F.3d 330, 335 (5th Cir. 2004).

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Motions to Dismiss should be denied.

SIGNED 05/27/2005

RICHARD S SCHMIDT
United States Bankruptcy Judge